IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JULIAN FRANKLIN CARTER, II a/k/a WILLIE ERVIN MOORE, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 14-2662-JDT-cgc |
| STATE OF TENNESSEE, ET AL., | ) ) | |
| Defendants. | ) | |

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DIRECTING PLAINTIFF TO PAY FULL $400 CIVIL FILING FEE

On August 25, 2014, Plaintiff, Julian Franklin Carter, II a/k/a Willie Ervin Moore, Tennessee Department of Correction prisoner number 219268, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a copy of his inmate trust fund account statement. (ECF Nos. 1 & 2.)

Under Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed numerous previous lawsuits, and at least five of those suits were dismissed for failure to state a claim or as frivolous.[2] Therefore, Plaintiff may not take

---

[2] Plaintiff previously filed *Moore v. Thompson Court Apartments*, No. 08-2278-JDT-tmp (W.D. Tenn. Feb. 18, 2009) (dismissed for failure to state a claim); *Moore v. Shelby Cnty., et al.*, No. 06-2253-JDB-tmp (W.D. Tenn. Sept. 1, 2006) (dismissed for failure to state a claim); *Minter v. Morgan, et al.*, No. 98-2647-G/A (W.D. Tenn. Aug. 7, 1998) (dismissed as frivolous); *Minter*
(continued...)

advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Here, Plaintiff has sued the State of Tennessee, Ms. Gracie, and Warden James M. Holloway.[3] The factual allegations of the complaint are as follows:

> During the month of 2-18-2014 Inmate Willie E Moore was moved from the Mental Health Unit in MSU Program then placed in the Protected Custody for his safety in the Unit 8[.] Now cause Inmate Willie Moore felt danger in both units while in Unit 8 Inmate Willie Moore began breaking a sink off the wall and was moved too [sic] the Medical Hospital at the Prison holding cell then Inmate Moore was met by Medical Staffs and Meds and Mental Health Staff[.] Inmate Willie Moore was tolded [sic] he was taken [sic] the wrong medication by Dr[.] Gracie of Medical and Mental Health Staffs at West Tenn Prison[.] The medication cause problem too [sic] Inmate Willie Moore eyesight[.] Inmate Vision went from 20/40 too [sic] 20/50 cause of the medication[.] Inmate Willie Moore did not asks [sic] or gives [sic] permission for his medication too [sic] be changed without talking to Dr[.] Gracie first or Inmate consented first[.]

(ECF No. 1 at PageID 4-5.) The prayer for relief seeks money damages in the amount of $2 million. (*Id.* at PageID 5.)

---

[2](...continued)
*v. Morgan*, No. 98-2629-Tu/A (W.D. Tenn. July 27, 1998) (dismissed as frivolous); *Minter v. Freeman, et al.*, No. 95-3033 (W.D. Tenn. May 29, 1996) (dismissed as frivolous). Several of these suits were filed under the alias "Willie Ervin Minter."

[3] The Court construes the allegations against the WTSP Mental Health Unit as an attempt to assert a claim against the State of Tennessee, which operates the WTSP.

Plaintiff's complaint does not allege that he was in imminent danger of serious physical injury on August 21, 2014, when he signed the complaint. The events at issue occurred six months earlier, in February 2014, when Plaintiff learned that he had been prescribed the wrong medication. Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot address its merits unless Plaintiff first tenders the civil filing fee. Therefore, leave to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order. Failure to do so will result in the assessment of the filing fee from Plaintiff's inmate trust account without regard to the installment procedures and dismissal of this action for failure to prosecute. *Alea*, 286 F.3d at 381-82.[4]

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] As the Sixth Circuit explained: "Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions — whatever their merit or disposition — will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints — thus taking much valuable time away from other non-frivolous litigation — without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant." *Id.* at 382.