IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JULIAN FRANKLIN CARTER, II )<br>a/k/a WILLIE ERVIN MOORE, )<br>)<br>    Plaintiff, )<br>)<br>)<br>VS. )<br>)<br>)<br>STATE OF TENNESSEE, ET AL., )<br>)<br>    Defendants. ) | No. 14-2662-JDT-cgc |

ORDER DENYING MOTION FOR RECONSIDERATION
AND FOR LEAVE TO AMEND

On August 25, 2014, Plaintiff, Julian Franklin Carter, II a/k/a Willie Ervin Moore, Tennessee Department of Correction prisoner number 219268, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a copy of his inmate trust fund account statement. (ECF Nos. 1 & 2.) Plaintiff has filed numerous previous lawsuits, and at least five of those suits were dismissed for failure to state a claim or as frivolous.[1] In an order issued on December 12, 2014, the Court determined that the instant suit did not fall within the "imminent danger" exception to 28 U.S.C.

---

[1] Plaintiff previously filed *Moore v. Thompson Court Apartments*, No. 08-2278-JDT-tmp (W.D. Tenn. Feb. 18, 2009) (dismissed for failure to state a claim); *Moore v. Shelby Cnty., et al.*, No. 06-2253-JDB-tmp (W.D. Tenn. Sept. 1, 2006) (dismissed for failure to state a claim); *Minter v. Morgan, et al.*, No. 98-2647-G/A (W.D. Tenn. Aug. 7, 1998) (dismissed as frivolous); *Minter v. Morgan*, No. 98-2629-Tu/A (W.D. Tenn. July 27, 1998) (dismissed as frivolous); *Minter v. Freeman, et al.*, No. 95-3033 (W.D. Tenn. May 29, 1996) (dismissed as frivolous). Several of these suits were filed under the alias "Willie Ervin Minter."

§ 1915(g), denied leave to proceed *in forma pauperis*, and directed Plaintiff to pay the $400 civil filing fee in full within thirty days. (ECF No. 4.)

On December 19, 2014, the Clerk docketed an unsigned letter from Plaintiff stating that he was recently assaulted and almost raped. (ECF No. 5.)[2] The Court construes the letter as a motion for reconsideration of the order denying leave to proceed *in forma pauperis* and for leave to amend. Plaintiff appears to be under the impression that he can avoid his obligation to pay the filing fee by submitting evidence that his life is in danger. Plaintiff is mistaken. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc). Nothing in Plaintiff's letter demonstrates that he was in imminent danger of serious physical injury on the date he commenced this action. The motion for reconsideration is DENIED. Leave to amend is DENIED because the allegations in the proposed amendment are unrelated to the claims in the original complaint.

This order does not extend Plaintiff's time to pay the civil filing fee, which is due on or before January 12, 2015.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The Clerk is DIRECTED not to file any further documents submitted by Plaintiff that are unsigned.